IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Jesus Trujillo, #64417-180, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 0:10-2058-HMH-PJG |
| | ) | |
| vs. | ) | **OPINION & ORDER** |
| | ) | |
| Edgefield Federal Prison; | ) | |
| Mary Mitchell, Warden; | ) | |
| Mr. Acosta, Assist. Warden; | ) | |
| Mr. Collie, Captain; | ) | |
| Mr. Clark, Lt.; | ) | |
| Mr. Holet, Lt.; | ) | |
| Mr. Neal, C Unit Manager; | ) | |
| Mr. Mahomes, A Unit Manager; | ) | |
| Mr. Boltin, A 4 Counselor; | ) | |
| Mr. Johnson, C 1 Counselor; | ) | |
| Mr. Santiago, S.I.S.; | ) | |
| Roper, Unit Officer; | ) | |
| Upson, Unit Officer; | ) | |
| Flores, Unit Officer; | ) | |
| Kate, Unit Officer; | ) | |
| Martin, Unit Officer; | ) | |
| Green, Unit Officer; | ) | |
| Evans, Unit Officer; | ) | |
| Jackson, Unit Officer; | ) | |
| Mrs. Jones, A 4 Case Manager, | ) | |
| | ) | |
| Defendants. | ) | |

      This matter is before the court with the Report and Recommendation of United States Magistrate Judge Paige J. Gossett, made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 of the District of South Carolina.[1] Jesus Trujillo ("Trujillo"), a federal prisoner

---

[1]The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those

1

proceeding pro se, alleges that the Defendants violated his constitutional rights and brings this action pursuant to Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971). In her Report and Recommendation, Magistrate Judge Gossett recommends denying Trujillo's motion for a temporary restraining order.

Trujillo filed objections to the Report and Recommendation. Objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of specific objections to the Report and Recommendation of the Magistrate Judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

Upon review, the court finds that many of Trujillo's objections are non-specific, unrelated to the dispositive portions of the magistrate judge's Report and Recommendation, or merely restate his claims. However, the court was able to glean one specific objection. Trujillo alleges that he is entitled to a restraining order because the staff at FCI-Edgefield has continued to harass and retaliate against Trujillo for initiating the instant action. In order to obtain a preliminary injunction, Trujillo must establish the following four elements: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. Winter v. Natural Res. Def. Council, Inc., 129 S. Ct. 365, 374 (2008); The Real Truth About Obama, Inc.

---

portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

2

v. Fed. Election Comm'n, 575 F.3d 342, 346-47 (4th Cir. 2009), vacated on other grounds by, 130 S. Ct. 2371 (2010), reissued in part by, 607 F.3d 355 (4th Cir. 2010), overruling Blackwelder Furniture Co. v. Seilig Mfg. Co., 550 F.2d 189 (4th Cir. 1977).  Trujillo must make a clear showing that he is likely to succeed on the merits and that he will suffer irreparable harm.  Winter, 129 S. Ct. at 374-76; Real Truth, 575 F.3d at 345-47.  Trujillo submits affidavits indicating that on September 22, 2010, an officer informed Trujillo that he needed to "watch [his] ass" because the warden was upset about the instant action.  (Objections, Aff., generally.)  In addition, Trujillo references in his affidavit certain events that allegedly occurred in March, April, and May 2010.  (Id.)  However, the alleged March/April/May 2010 events did not occur as a result of the instant lawsuit because the instant lawsuit was not filed until August 2010.  Further, a one-time harassing statement is insufficient to establish irreparable harm.  Moreover, Trujillo has failed to demonstrate that he is likely to succeed on the merits of this action.  Therefore, after a thorough review of the magistrate judge's Report and the record in this case, the court adopts Magistrate Judge Gossett's Report and Recommendation.

It is therefore

**ORDERED** that Trujillo's motion for a temporary restraining order, docket number 16, is denied.

**IT IS SO ORDERED**.

                                                     s/Henry M. Herlong, Jr.
                                                    Senior United States District Judge

Greenville, South Carolina
November 3, 2010

**NOTICE OF RIGHT TO APPEAL**

Plaintiff is hereby notified that he has the right to appeal this order within sixty (60) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.