IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jesus Trujillo, | C/A No. 0:10-2058-HMH-PJG |
| Plaintiff, | |
| vs. | **REPORT AND RECOMMENDATION** |
| Edgefield Federal Prison;<br>Mary Mitchell, *Warden*;<br>Mr. Acosta, *Assist. Warden*;<br>Mr. Collie, *Captain*;<br>Mr. Clark, *Lt.*;<br>Mr. Holet, *Lt.*;<br>Mr. Neal, *C Unit Manager*;<br>Mr. Mahomes, *A Unit Manager*;<br>Mr. Blotin, *A 4 Counselor*;<br>Mr. Johnson, *C 1 Counselor*;<br>Mr. Santiago, *S.I.S.*;<br>Roper, *Unit Officer*;<br>Upson, *Unit Officer*;<br>Flores, *Unit Officer*;<br>Kate, *Unit Officer*;<br>Martin, *Unit Officer*;<br>Green, *Unit Officer*;<br>Evans, *Unit Officer*;<br>Jackson, *Unit Officer*;<br>Mrs. Jones, *A 4 Case Manager*, | |
| Defendants. | |

The plaintiff has submitted a motion for class certification (ECF No. 47), which is signed by the plaintiff and two other inmates at FCI-Edgefield who have cases pending in this federal court. Controlling Fourth Circuit case law precludes certification of a *pro se* case as a class action. See Oxendine v. Williams, 509 F.2d 1405, 1407 & n.* (4th Cir. 1975) (a *pro se* prisoner cannot be an advocate for others in a class action); Hummer v. Dalton, 657 F.2d 621, 625-26 (4th Cir. 1981) (a prisoner cannot act as a "knight-errant" for others); cf. McNeil v. Guthrie, 945 F.2d 1163, 1164 & nn.1-2 (10th Cir. 1991).

**RECOMMENDATION**

Accordingly, the court recommends that the plaintiff's motion for class certification be denied. (ECF No. 47.)

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

November 30, 2010
Columbia, South Carolina

*The plaintiff's attention is directed to the Notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).